DOUGLAS HAN (SBN 232858)
SHUNT TATAVOS-GHARAJEH (SBN 272164)
WILLIAM WILKINSON (SBN 346777)
**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259
*Attorneys for* Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICHOLE GALLAHER, individually, and on behalf of other members of the general public similarly situated, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act ("PAGA");

          Plaintiff,

    v.

IOSM, INC. d/b/a ON-SITE HEALTH & SAFETY, a California corporation; and DOES 3 through 100, inclusive;

        Defendants.

Case No.: 3:23-cv-03625-JSC
Assigned for all purposes to:
Honorable Jacqueline Scott Corley
Courtroom 8 – 19th Floor

**FIRST AMENDED COMPLAINT**
(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);
(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(4) Violation of California Labor Code §§ 1194 and 1197 (Unpaid Minimum Wages);
(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);
(6) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);
(7) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);
(8) Violation of California Labor Code §§ 2698, *et seq.* (Private Attorneys General Act of 2004);
(9) Violation of California Business & Professions Code §§ 17200, *et seq.*
**DEMAND FOR JURY TRIAL**

Complaint Filed: March 28, 2022
Action Removed: July 21, 2023
Trial Date: None set

COME NOW, Plaintiffs NICHOLE GALLAHER and CLAYTON MARGASON ("Plaintiff Gallaher," "Plaintiff Margason," and, collectively, "Plaintiffs"), individually, and on behalf of other members of the general public similarly situated, allege as follows:

## JURISDICTION AND VENUE

1. This class action is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure. The monetary damages and restitution sought by Plaintiffs exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

3. This Court has jurisdiction over Defendants because, upon information and belief, Defendants are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

4. Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, and/or transact business in the State of California, including the County of Contra Costa. The majority of the acts and omissions alleged herein relating to Plaintiffs took place in the State of California. Defendants employed Plaintiffs within the State of California, County of Contra Costa.

## PARTIES

5. Plaintiff NICHOLE GALLAHER is an individual who resided in the State of California during the relevant time period.

6. Plaintiff CLAYTON MARGASON is an individual who resided in the State of California during the relevant time period.

/ / /

/ / /

1

7.     Defendant IOSM, INC. d/b/a ON-SITE HEALTH & SAFETY, at all times herein

2     mentioned, was and is, upon information and belief, a California corporation, and at all times

3     herein mentioned, was and is, an employer whose employees are engaged throughout the State

4     of California, including the County of Contra Costa. Defendant VIRGINIA SIEGAL, herein

5     designated as DOE 1, at all times herein mentioned, was and is, upon information and belief,

6     an individual, and at all times herein mentioned, was and is, an employer whose employees

7     are engaged throughout the State of California, including the County of Contra Costa.

8     Defendant ZULEMA GARCIA, herein designated as DOE 2, at all times herein mentioned,

9     was and is, upon information and belief, an individual, and at all times herein mentioned, was

10    and is, an employer whose employees are engaged throughout the State of California,

11    including the County of Contra Costa.

12    8.     At all relevant times, Defendants IOSM, INC. d/b/a ON-SITE HEALTH &

13    SAFETY, VIRGINIA SIEGEL, and ZULEMA GARCIA, were "employers" of Plaintiffs

14    within the meaning of all applicable California laws and statutes.

15    9.     At all times herein relevant, Defendants IOSM, INC. d/b/a ON-SITE HEALTH

16    & SAFETY, VIRGINIA SIEGEL, and ZULEMA GARCIA, and DOES 3 through 100, and

17    each of them, were the agents, partners, joint venturers, joint employers, representatives,

18    servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and

19    at all times relevant hereto were acting within the course and scope of their authority as such

20    agents, partners, joint venturers, joint employers, representatives, servants, employees,

21    successors, co-conspirators and assigns, and all acts or omissions alleged herein were duly

22    committed with the ratification, knowledge, permission, encouragement, authorization, and

23    consent of each defendant designated herein.

24    / / /

25    / / /

26    / / /

27

28

1     10.    The true names and capacities, whether corporate, associate, individual or

2  otherwise, of Defendants DOES 3 through 100, inclusive, are unknown to Plaintiffs, who sue

3  said defendants by such fictitious names. Plaintiffs are informed and believe, and based on

4  that information and belief allege, that each of the Defendants designated as a DOE is legally

5  responsible for the events and happenings referred to in this Complaint, and unlawfully caused

6  the injuries and damages to Plaintiffs and the other class members as alleged in this Complaint.

7  Plaintiffs will seek leave of court to amend this Complaint to show the true names and

8  capacities when the same have been ascertained.

9     11.    Defendants IOSM, INC. d/b/a ON-SITE HEALTH & SAFETY, VIRGINIA

10  SIEGEL, and ZULEMA GARCIA, and DOES 3 through 100 will hereinafter collectively be

11  referred to as "Defendants."

12     12.    Plaintiffs further allege that Defendants directly or indirectly controlled or

13  affected the working conditions, wages, working hours, and conditions of employment of

14  Plaintiffs and the other class members so as to make each of said Defendants employers and

15  employers liable under the statutory provisions set forth herein.

16                        **CLASS ACTION ALLEGATIONS**

17     13.    Plaintiffs bring this action individually and on behalf of all other members of the

18  general public similarly situated, and, thus, seek class certification under Rule 23 of the

19  Federal Rules of Civil Procedure.

20     14.    The proposed class is defined as follows:

21          All current and former hourly-paid or non-exempt employees of Defendants

22          within the State of California at any time during the period from September 27,

23          2017[1] to final judgment.

24     15.    Plaintiffs reserve the right to establish subclasses as appropriate.

25  / / /

26

27  [1] Per Emergency Rule 9 (Tolling statute of limitations for civil causes of action) of the Judicial
Council's Emergency Rules Related to COVID-19, all statute of limitations for civil causes of
28  action that exceed 180 days are tolled from April 6, 2020 until October 1, 2020. Accordingly,
Plaintiffs' claims were tolled during that time period.

4

16. The class is ascertainable and there is a well-defined community of interest in the litigation:

a. Numerosity: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b. Typicality: Plaintiffs' claims are typical of all other class members' claims as demonstrated herein. Plaintiffs will fairly and adequately protect the interests of the other class members with whom they have a well-defined community of interest.

c. Adequacy: Plaintiffs will fairly and adequately protect the interests of each class member, with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiffs have no interest that is antagonistic to the other class members. Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiffs have incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

/ / /

/ / /

/ / /

5

e.   Public Policy Considerations: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

17.   There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a.   Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.   Whether Defendants failed to pay their hourly-paid or non-exempt employees within the State of California for all hours worked, missed meal periods and rest breaks in violation of California law;

c.   Whether Defendants required Plaintiffs and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiffs and the other class members;

d.   Whether Defendants properly calculated the regular rate for Plaintiffs and the other class members to worked overtime and earned incentive pay;

e.   Whether Defendants deprived Plaintiffs and the other class members of meal and/or rest periods or required Plaintiffs and the other class members to work during meal and/or rest periods without compensation;

f.   Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

/ / /

6

g.   Whether Defendants failed to pay all wages due to Plaintiffs and the other class members within the required time upon their discharge or resignation;

h.   Whether Defendants failed to timely pay all wages due to Plaintiffs and the other class members during their employment;

i.   Whether Defendants complied with wage reporting as required by the California Labor Code, including, inter alia, section 226;

j.   Whether Defendants failed to reimburse Plaintiffs and the other class members for necessary business-related expenses and costs;

k.   Whether Defendants' conduct was willful or reckless;

l.   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq.*;

m.   The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

n.   Whether Plaintiffs and the other class members are entitled to compensatory damages pursuant to4 the California Labor Code.

## GENERAL ALLEGATIONS

18.   During the relevant time period set forth herein, Defendants employed Plaintiffs and other persons as hourly-paid or non-exempt employees within the State of California.

19.   Defendants, jointly and severally, employed Plaintiffs as hourly-paid non-exempt employees during the relevant statutory period in the State of California, County of Contra Costa.

20.   Defendants had the authority to hire and terminate Plaintiffs and the other class members; to set work rules and conditions governing Plaintiffs' and other class members' employment; and to supervise their daily employment activities.

21.   Defendants exercised sufficient authority over the terms and conditions of Plaintiffs and other class members' employment for them to be joint employers of Plaintiffs and the other class members.

7

1   22.   Defendants directly hired and paid wages and benefits to Plaintiffs and the other

2   class members.

3   23.   Defendants continue to employ hourly-paid or non-exempt employees within the

4   State of California.

5   24.   Plaintiffs and the other class members worked over eight (8) hours in a day,

6   and/or forty (40) hours in a week during their employment with Defendants.

7   25.   Plaintiffs are informed and believe, and based thereon alleges, that Defendants

8   engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid

9   or non-exempt employees within the State of California.  This scheme involved, inter alia,

10   failing to pay them for all hours worked, missed meal periods, and missed rest breaks in

11   violation of California law.

12   26.   Plaintiffs are informed and believe, and based thereon alleges, that Defendants

13   knew or should have known that Plaintiffs and the other class members were entitled to receive

14   certain wages for overtime compensation and that Plaintiffs and the other class members were

15   not receiving wages for overtime compensation.

16   27.   Plaintiffs are informed and believe, and based thereon alleges, that Defendants

17   failed to provide Plaintiffs and the other class members the required rest and meal periods

18   during the relevant time period as required under the Industrial Welfare Commission Wage

19   Orders and thus they are entitled to any and all applicable penalties.

20   28.   Plaintiffs are informed and believe, and based thereon alleges, that Defendants

21   knew or should have known that Plaintiffs and the other class members were entitled to receive

22   all timely and complete meal periods or payment of one additional hour of pay at Plaintiffs'

23   and the other class members' regular rate of pay when a meal period was missed, late or

24   interrupted, and that Plaintiffs and the other class members did not receive all timely and

25   proper meal periods or payment of one additional hour of pay at their regular rate of pay when

26   a meal period was missed.

27   / / /

28   / / /

29.     Plaintiffs are informed and believe, and based thereon alleges, that Defendants knew or should have known that Plaintiffs and other class members were entitled to receive all timely rest periods without interruption or payment of one additional hour of pay at Plaintiffs and the other class members' regular rate of pay when a rest period was missed, late or interrupted, and that Plaintiffs and the other class members did not receive all rest periods or payment of one additional hour of pay at their regular rate of pay when a rest period was missed.

30.     Plaintiffs are informed and believe, and based thereon alleges, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive at least minimum wages for compensation and that Plaintiffs and the other class members were not receiving at least minimum wages for all hours worked.

31.     Plaintiffs are informed and believe, and based thereon alleges, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive the wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and that Plaintiffs and the other class members did not, in fact, receive such wages owed to them at the time of their discharge or resignation.

32.     Plaintiffs are informed and believe, and based thereon alleges, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, Plaintiffs and the other class members did not receive complete and accurate wage statements from Defendants. The deficiencies included, inter alia, the failure to include the total number of hours worked by Plaintiffs and the other class members.

33.     Plaintiffs are informed and believe, and based thereon alleges, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to reimbursement for necessary business-related expenses.

/ / /

/ / /

/ / /

34. Plaintiffs are informed and believe, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiffs and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records for Plaintiffs and the other class members.

35. Plaintiffs are informed and believe, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiffs and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

36. During the relevant time period set forth herein, Defendants failed to pay overtime wages to Plaintiffs and the other class members for all hours worked. Plaintiffs and other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

37. During the relevant time period set forth herein, Defendants failed to provide the requisite uninterrupted and timely meal and rest periods to Plaintiffs and the other class members.

38. During the relevant time period set forth herein, Defendants failed to pay Plaintiffs and the other class members at least minimum wages for all hours worked.

39. During the relevant time period set forth herein, Defendants failed to pay Plaintiffs and the other class members the wages owed to them upon discharge or resignation.

40. During the relevant time period set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiffs and the other class members.

41. During the relevant time period set forth herein, Defendants failed to keep complete or accurate payroll records for Plaintiffs and the other class members.

42. During the relevant time period set forth herein, Defendants failed to properly compensate Plaintiffs and the other class members pursuant to California law in order to increase Defendants' profits.

43.   California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

**FIRST CAUSE OF ACTION**

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against IOSM, INC. d/b/a ON-SITE HEALTH & SAFETY, VIRGINIA SIEGEL, ZULEMA GARCIA, and DOES 3 through 100)**

44.   Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 43, and each and every part thereof with the same force and effect as though fully set forth herein.

45.   California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the hours worked by the person on a daily or weekly basis.

46.   Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs and the other class members employed by Defendants, who work(ed) more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

47.   The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiffs and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

48.   California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

1    49.   During the relevant time period set forth herein, Plaintiffs and the other class

2    members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in

3    a week.

4    50.   During the relevant time period set forth herein, Defendants intentionally and

5    willfully failed to pay overtime wages owed to Plaintiffs and the other class members.

6    51.   Defendants' failure to pay Plaintiffs and the other class members the unpaid

7    balance of overtime compensation, as required by California laws, violates the provisions of

8    California Labor Code sections 510 and 1198, and is therefore unlawful.

9    52.   Pursuant to California Labor Code section 1194, Plaintiffs and the other class

10   members are entitled to recover unpaid overtime compensation, as well as interest, costs, and

11   attorneys' fees.

12                          **SECOND CAUSE OF ACTION**

13               **(Violation of California Labor Code §§ 226.7 and 512(a))**

14   **(Against IOSM, INC. d/b/a ON-SITE HEALTH & SAFETY, VIRGINIA SIEGEL,**

15                   **ZULEMA GARCIA, and DOES 3 through 100)**

16   53.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1

17   through 52, and each and every part thereof with the same force and effect as though fully set

18   forth herein.

19   54.   During the relevant time period set forth herein, the IWC Order and California

20   Labor Code sections 226.7 and 512(a) were applicable to Plaintiffs' and the other class

21   members' employment by Defendants.

22   55.   During the relevant time period set forth herein, California Labor Code section

23   226.7 provides that no employer shall require an employee to work during any meal or rest

24   period mandated by an applicable order of the California IWC.

25   / / /

26   / / /

27   / / /

28

56.     During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

57.     During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause, or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

58.     During the relevant time period set forth herein, Plaintiffs and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

59.     During the relevant time period set forth herein, Plaintiffs and the other class members who were scheduled to work for a period of time no longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than ten (10) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

60.     During the relevant time period set forth herein, Plaintiffs and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

/ / /

61.     During the relevant time period set forth herein, Plaintiffs and the other class members who were scheduled to work for a period of time in excess of twelve (12) hours were required to work for periods longer than ten (10) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

62.     During the relevant time period set forth herein, Defendants intentionally and willfully required Plaintiffs and the other class members to work during meal periods and failed to compensate Plaintiffs and the other class members the full meal period premium for work performed during meal periods.

63.     During the relevant time period set forth herein, Defendants failed to pay Plaintiffs and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

64.     Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

65.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided.

<u>**THIRD CAUSE OF ACTION**</u>

**(Violation of California Labor Code § 226.7)**

**(Against IOSM, INC. d/b/a ON-SITE HEALTH & SAFETY, VIRGINIA SIEGEL,**

**ZULEMA GARCIA, and DOES 3 through 100)**

66.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 65, and each and every part thereof with the same force and effect as though fully set forth herein.

67.     During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiffs' and the other class members' employment by Defendants.

/ / /

68.     During the relevant time period set forth herein, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

69.     During the relevant time period set forth herein, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

70.     During the relevant time period set forth herein, Defendants required Plaintiffs and the other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

71.     During the relevant time period set forth herein, Defendants willfully required Plaintiffs and the other class members to work during rest periods and failed to pay Plaintiffs and the other class members the full rest period premium for work performed during rest periods.

72.     During the relevant time period set forth herein, Defendants failed to pay Plaintiffs and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

73.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

74.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each workday that the rest period was not provided.

/ / /

/ / /

/ / /

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 1194 and 1197)**

**(Against IOSM, INC. d/b/a ON-SITE HEALTH & SAFETY, VIRGINIA SIEGEL,**

**ZULEMA GARCIA, and DOES 3 through 100)**

75.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 74 and each and every part thereof with the same force and effect as though fully set forth herein.

76.     During the relevant time period set forth herein, California Labor Code sections 1194 and 1197 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed, is unlawful.

77.     During the relevant time period set forth herein, Defendants failed to pay minimum wages to Plaintiffs and the other class members as required, pursuant to California Labor Code sections 1194 and 1197.

78.     Defendants' failure to pay Plaintiffs and the other class members the minimum wage as required violates California Labor Code sections 1194 and 1197.  Pursuant to those sections, Plaintiffs and other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

79.     Pursuant to California Labor Code section 1194.2, Plaintiffs and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

/ / /

/ / /

/ / /

**FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 201 and 202)**

**(Against IOSM, INC. d/b/a ON-SITE HEALTH & SAFETY, VIRGINIA SIEGEL,**

**ZULEMA GARCIA, and DOES 3 through 100)**

80.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 79, and each and every part thereof with the same force and effect as though fully set forth herein.

81.     During the relevant time period set forth herein, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

82.     During the relevant time period set forth herein, Defendants intentionally and willfully failed to pay Plaintiffs and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

83.     Defendants' failure to pay Plaintiffs and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

84.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

/ / /

/ / /

85.     Plaintiffs and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to the thirty (30) day maximum as provided by Labor Code section 203.

### SIXTH CAUSE OF ACTION

**(Violation of California Labor Code § 226(a))**

**(Against IOSM, INC. d/b/a ON-SITE HEALTH & SAFETY, VIRGINIA SIEGEL, ZULEMA GARCIA, and DOES 3 through 100)**

86.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 85, and each and every part thereof with the same force and effect as though fully set forth herein.

87.     During the relevant time period set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

88.     Defendants have intentionally and willfully failed to provide Plaintiffs and the other class members with complete and accurate wage statements.  The deficiencies include but are not limited to: the failure to include the total number of hours worked by Plaintiffs and other class members.

89.     As a result of Defendants' violation of California Labor Code section 226(a), Plaintiffs and the other class members have suffered injury and damage to their statutorily protected rights.

90.     More specifically, Plaintiffs and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

91.     Plaintiffs and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

92.     Plaintiffs and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against IOSM, INC. d/b/a ON-SITE HEALTH & SAFETY, VIRGINIA SIEGEL, ZULEMA GARCIA, and DOES 3 through 100)

93.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 92, and each and every part thereof with the same force and effect as though fully set forth herein.

94.     Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

/ / /

/ / /

/ / /

95.     Defendants have intentionally and willfully failed to reimburse Plaintiffs and the other class members for all necessary business-related expenses and costs.  Plaintiffs and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

**EIGHTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 2698, *et seq.*)**

**(Against IOSM, INC. d/b/a ON-SITE HEALTH & SAFETY, VIRGINIA SIEGEL,**

**ZULEMA GARCIA, and DOES 3 through 100)**

96.     Plaintiff Gallaher incorporates by reference the allegations contained in paragraphs 1 through 95, and each and every part thereof with the same force and effect as though fully set forth herein.

97.     PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

98.     On January 19, 2022, Plaintiff Gallaher provided written notice to the LWDA and Defendants of the specific provisions of the Labor Code she contends were violated, and the theories supporting his contentions. Attached hereto as **Exhibit 1** and incorporated by reference is a copy of the January 19, 2022, written notice to the LWDA. Plaintiff Gallaher believes that on or about March 25, 2022, the sixty-five (65) day notice period expired as to all Defendants, and the LWDA did not take any action to investigate or prosecute this matter. Therefore, Plaintiff Gallaher exhausted the statutory time period to bring this action.

/ / /

/ / /

/ / /

99.     Plaintiff Gallaher and the other hourly-paid or non-exempt employees are "aggrieved employees" as defined by California Labor Code § 2699(c) in that they are all current and former hourly-paid or non-exempt employees of Defendants within the State of California who worked for Defendants at any time during the period from January 19, 2021, to the present, and one or more of the alleged violations was committed against them.

### Failure to Pay Minimum and Overtime Wages

100.     At all times relevant herein, Defendants were required to compensate their non-exempt employees minimum wages for all hours worked and overtime wages for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek, pursuant to the mandate of Labor Code §§ 510, 1194, 1197, and 1198.

101.     As a policy and practice, Defendants failed to compensate Plaintiff Gallaher and the other aggrieved current and former employees for all hours worked, resulting in a failure to pay all minimum wages and overtime wages, where applicable.

### Failure to Provide Meal Periods and Rest Breaks

102.     In accordance with the mandates of Labor Code §§ 226.7 and 512, Defendants were required to authorize and permit their non-exempt employees to take a 10-minute rest break for every four (4) hours worked or major fraction thereof, and were further required to provide their non-exempt employees with a 30-minute meal period for every five (5) hours worked.

103.     As a policy and practice, Defendants failed to provide Plaintiff Gallaher and the other aggrieved current and former employees with legally-mandated meal periods and rest breaks and failed to pay proper compensation for this failure.

### Failure to Timely Pay Wages During Employment

104.     At all times relevant herein, Defendants were required to pay their employees within a specified time period pursuant to the mandate of Labor Code § 204.

105.     As a policy and practice, Defendants failed to pay Plaintiff Gallaher and the other aggrieved current and former employees all wages due and owing them within the required time period.

/ / /

**Failure to Timely Pay Wages Upon Termination**

106.   At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

107.   As a result of Defendants' Labor Code violations alleged above, Defendants failed to pay Plaintiff Gallaher and the other aggrieved former employees their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

**Failure to Provide Complete and Accurate Wage Statements**

108.   At all times relevant herein, Defendants were required to keep *accurate* records regarding their California employees pursuant to the mandate of Labor Code §§ 226, 1174 and 1776.

109.   As a result of Defendants' various Labor Code violations, Defendants failed to keep accurate records regarding Plaintiff Gallaher and the other aggrieved current and former employees. For example, Defendants failed in their affirmative obligation to keep accurate records regarding Plaintiff Gallaher and the other aggrieved current and former employees' gross wages earned, total hours worked, all deductions, net wages earned, and all applicable hourly rates and the number of hours worked at each hourly rate.

**Failure to Provide Paid Sick Days**

110.   At all times relevant herein, Defendants were required to provide their employees with paid sick days pursuant to Labor Code § 246.

111.   As a policy and practice, Defendants failed to provide Plaintiff Gallaher and other aggrieved current and former employees with paid sick days pursuant to Labor Code § 246.

**Failure to Reimburse Business Expenses**

112.   At all times relevant herein, Defendants were required to reimburse its employees for any and all necessary expenditures or losses incurred by the employees in direct consequences of the discharge or his or her duties pursuant to the mandate of Labor Code §§ 2800 and 2802.

113. As a policy and practice, Defendants failed to reimburse Plaintiff Gallaher and the other aggrieved current and former employees for all business expenses incurred and owing them within the required time period.

**Penalties**

114. Pursuant to California Labor Code § 2699, Plaintiff Gallaher, individually, and on behalf of the other current and former aggrieved employees, requests and is entitled to recover from Defendants, and each of them, civil penalties, interest, attorneys' fees and costs, including but not limited to:

    a. Penalties under California Labor Code § 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

    b. Penalties under California Code of Regulations Title 8 § 11040 in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

    c. Penalties under California Labor Code § 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

    d. Penalties under Labor Code § 1197.1 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred fifty dollars ($250) for each aggrieved employee per pay period for each subsequent violation;

    e. Any and all additional penalties as provided by the Labor Code and/or other statutes; and

23

1       f.  Attorneys' fees and costs pursuant to Labor Code §§ 210, 1194, and 2699,

2        and any other applicable statute.

3             **NINTH CAUSE OF ACTION**

4    **(Violation of California Business & Professions Code §§ 17200, *et seq.*)**

5    **(Against IOSM, INC. d/b/a ON-SITE HEALTH & SAFETY, VIRGINIA SIEGEL,**

6    **ZULEMA GARCIA, and DOES 3 through 100)**

7      115.  Plaintiffs incorporate by reference the allegations contained in paragraphs 1

8    through 114, and each and every part thereof with the same force and effect as though fully

9    set forth herein.

10      116.  Defendants' conduct, as alleged herein, has been, and continues to be unfair,

11    unlawful and harmful to Plaintiffs, the other class members, to the general public, and

12    Defendants' competitors.  Accordingly, Plaintiffs seek to enforce important rights affecting

13    the public interest within the meaning of Code of Civil Procedure section 1021.5.

14      117.  Defendants' activities as alleged herein are violations of California law, and

15    constitute unlawful business acts and practices in violation of California Business &

16    Professions Code section 17200, *et seq*.

17      118.  A violation of California Business & Professions Code section 17200, *et seq.*

18    may be predicated on the violation of any state or federal law. In this instant case, Defendants'

19    policy and practice of requiring Plaintiffs and the other class members work overtime hours

20    without paying them proper compensation violate California Labor Code sections 510 and

21    1198.  Additionally, Defendants' policy and practice of requiring Plaintiffs and the other class

22    members, to work through their meal and rest periods without paying them proper

23    compensation violate California Labor Code sections 226.7 and 512(a).  Moreover,

24    Defendants' policy and practice of failing to timely pay wages to Plaintiffs and the other class

25    members violate California Labor Code sections 201 and 202.  Defendants also violated

26    California Labor Code sections 226(a), 1194, 1197, 2800 and 2802.

27      119.  As a result of the herein described violations of California law, Defendants

28    unlawfully gained an unfair advantage over other businesses.

120. Plaintiffs and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

121. Pursuant to California Business & Professions Code section 17200, *et seq.*, Plaintiffs and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiffs, individually, and on behalf of other members of the general public similarly situated, request a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other members of the general public similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiffs each be appointed as representatives of the Class;

3. That counsel for Plaintiffs be appointed as Class Counsel; and

4. That Defendants provide to Class Counsel immediately the names and most current contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiffs and the other class members;

6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

/ / /

1    7.    For pre-judgment interest on any unpaid overtime compensation commencing

2    from the date such amounts were due;

3    8.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

4    California Labor Code section 1194; and

5    9.    For such other and further relief as the court may deem just and proper.

6                    **As to the Second Cause of Action**

7    10.    That the Court declare, adjudge and decree that Defendants violated California

8    Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to

9    provide all meal periods (including second meal periods) to Plaintiffs and the other class

10   members;

11   11.    That the Court make an award to Plaintiffs and the other class members of one

12   (1) hour of pay at each employee's regular rate of compensation for each workday that a meal

13   period was not provided;

14   12.    For all actual, consequential, and incidental losses and damages, according to

15   proof;

16   13.    For premium wages pursuant to California Labor Code section 226.7(b);

17   14.    For pre-judgment interest on any unpaid wages from the date such amounts were

18   due;

19   15.    For reasonable attorneys' fees and costs of suit incurred herein; and

20   16.    For such other and further relief as the court may deem just and proper.

21                    **As to the Third Cause of Action**

22   17.    That the Court declare, adjudge and decree that Defendants violated California

23   Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all

24   rest periods to Plaintiffs and the other class members;

25   18.    That the Court make an award to Plaintiffs and the other class members of one

26   (1) hour of pay at each employee's regular rate of compensation for each workday that a rest

27   period was not provided;

28   ///

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For premium wages pursuant to California Labor Code section 226.7(b);

21. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22. For such other and further relief as the court may deem just and proper.

**As to the Fourth Cause of Action**

23. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194 and 1197 by willfully failing to pay minimum wages to Plaintiffs and the other class members;

24. For general unpaid wages and such general and special damages as may be appropriate;

25. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

26. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

27. For liquidated damages pursuant to California Labor Code section 1194.2; and

28. For such other and further relief as the court may deem just and proper.

**As to the Fifth Cause of Action**

29. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs and the other class members no longer employed by Defendants;

30. For all actual, consequential, and incidental losses and damages, according to proof;

31. For statutory wage penalties pursuant to California Labor Code section 203 for the other class members who have left Defendants' employ;

/ / /

27

32.   For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

33.   For such other and further relief as the court may deem just and proper.

**As to the Sixth Cause of Action**

34.   That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiffs and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

35.   For actual, consequential and incidental losses and damages, according to proof;

36.   For statutory penalties pursuant to California Labor Code section 226(e);

37.   For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g); and

38.   For such other and further relief as the court may deem just and proper.

**As to the Seventh Cause of Action**

39.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiffs and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

40.   For actual, consequential and incidental losses and damages, according to proof;

41.   For the imposition of civil penalties and/or statutory penalties;

42.   For punitive damages and/or exemplary damages according to proof at trial;

43.   For reasonable attorneys' fees and costs of suit incurred herein; and

44.   For such other and further relief as the court may deem just and proper.

**As to the Eighth Cause of Action**

45.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2698, *et seq*., the PAGA, for civil penalties pursuant to Defendants' violations of Labor Code §§ 201, 202, 203, 204, 218.5, 221, 226(a), 226.3, 226.7, 246, 510, 512(a), 558, 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802;

46. Upon the Cause of Action, for costs and attorneys' fees pursuant to Labor Code Sections 210, 1194, and 2699, and any other applicable statute; and

47. For such other and further relief as the Court may deem just and proper.

### As to the Ninth Cause of Action

48. That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiffs and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiffs and the other class members, failing to pay at least minimum wages to Plaintiffs and the other class members, failing to pay Plaintiffs' and the other class members' wages timely as required by California Labor Code section 201, 202.

49. For restitution of unpaid wages to Plaintiffs and the other class members and all pre-judgment interest from the day such amounts were due and payable;

50. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, *et seq.*;

51. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

52. For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, *et seq.*; and

53. For such other and further relief as the court may deem just and proper.

Dated: December 18, 2023            **JUSTICE LAW CORPORATION**

By: /s/ William Wilkinson
    Douglas Han
    Shunt Tatavos-Gharajeh
    William Wilkinson
    *Attorneys for* Plaintiffs

29

# EXHIBIT 1

January 19, 2022

**BY U.S. EMAIL/ELECTRONIC SUBMISSION**
PAGAfilings@dir.ca.gov
State of California
Labor & Workforce Development Agency
800 Capitol Mall, MIC-55
Sacramento, California 95814

  Re: **IOSM, INC. d/b/a ON-SITE HEALTH & SAFETY**

Dear Representative:

  We have been retained to represent Nichole Gallaher against IOSM, Inc. d/b/a On-Site Health & Safety (including any and all affiliates, managers, members, subsidiaries, and parents, and their shareholders, officers, directors, and employees), any individual, owner, officer and managing agent, DOES 1-10 as an "Employer" or person acting on behalf of an "Employer" pursuant to California Labor Code section 558.1, and DOES 11-20[1] for violations of California wage-and-hour laws (hereinafter collectively referred to as "IOSM").

  Ms. Gallaher is pursuing her California Labor Code section 2698, *et seq.*, the Private Attorneys General Act of 2004 ("PAGA") claim on a representative basis. Therefore, Ms. Gallaher may seek penalties and wages for violations of the Labor Code on behalf of the State of California and aggrieved employees, which are recoverable under PAGA. This letter is sent in compliance with the reporting requirements of California Labor Code section 2699.3.

  IOSM, Inc. d/b/a On-Site Health & Safety is a California corporation located at 520 6th Street, Rodeo, CA 94572.

  IOSM employed Ms. Gallaher as an hourly-paid non-exempt Licensed Vocational Nurse within one year of the data of this letter (until in or around September of 2021[2]) in the State of California. IOSM directly controlled the wages, hours and/or working conditions of Ms. Gallaher and other aggrieved employees' employment, including direction, retention, scheduling, supervision, and termination.

---

[1] Ms. Gallaher does not know the true names or capacities, whether individual, partner or corporate, of DOES 1 through 20, inclusive, and for that reason, said DOES are designated under such fictitious names. Ms. Gallaher will amend this notice when the true names and capacities are known. Ms. Gallaher is informed and believes that each DOE was responsible in some way for the matters alleged herein and proximately caused Ms. Gallaher and other current and former aggrieved employees to be subject to the illegal employment practices, wrongs and injuries complained of herein.

[2] Per Emergency Rule 9 (Tolling statute of limitations for civil causes of action) of the Judicial Council's Emergency Rules Related to COVID-19, all statute of limitations for civil causes of action that exceed 180 days are tolled from April 6, 2020 until October 1, 2020. Therefore, the one (1) year statute of limitations for Ms. Gallaher's PAGA cause of action is tolled.

The "aggrieved employees" that Ms. Gallaher may seek penalties on behalf of are all current and former hourly-paid or non-exempt employees (whether hired directly or through a staffing agency) of IOSM within the State of California.

IOSM failed to properly pay its hourly-paid or non-exempt employees for all hours worked, failed to properly provide or compensate minimum and overtime wages and for meal and rest breaks, failed to issue compliant wage statements and failed to reimburse for all necessary business-related costs and expenses, thus resulting in other Labor Code violations as stated below.

Pursuant to *Huff v. Securitas Security Services*, 23 Cal. App. 5th 745, 751 (2018), an employee who brings a representative action and was affected by at least one of the violations alleged in the complaint has standing to pursue penalties on behalf of the state not only for that violation, but for violations affecting other employees as well. Accordingly, Ms. Gallaher has standing to pursue penalties on behalf of the state for violations affecting all the aggrieved employees at IOSM, regardless of their classification, job title, location, or whether they were hired directly or through a staffing agency.

IOSM has violated and/or continues to violate, among other provisions of the California Labor Code and applicable wage law, California Labor Code sections 201, 202, 203, 204, 210, 218.5, 221, 226(a), 226.3, 226.7, 246, 432.5, 510, 512(a), 551, 552, 558, 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802, and the IWC Wage Orders.

California Labor Code sections 510, 1194, and 1198 require employers to pay at least minimum wage for all hours worked, pay time-and-a-half, or double-time overtime wages, and make it unlawful to work employees for hours longer than eight hours in one day and/or over forty hours in one week without paying the premium overtime rates. During the relevant time period, Ms. Gallaher and other aggrieved employees routinely worked in excess of 8 hours in a day and 40 hours in a week. IOSM failed to compensate Ms. Gallaher and other aggrieved employees for all hours worked and performing off-the-clock work, including pre- and post-shift, donning and doffing uniforms, travel time to/from jobsites, and during meal breaks. IOSM also failed to include non-discretionary bonuses and incentives in aggrieved employees' regular rate of pay for purposes of overtime compensation. Therefore, Ms. Gallaher and other aggrieved employees were entitled to receive certain wages for overtime compensation, but they were not paid for all overtime hours worked.

/ / /

/ / /

/ / /

California Labor Code section 246 requires that employers provide employees with paid sick leave of not less than one hour per every 30 hours worked. California Labor Code section 246(l) also requires that paid sick leave be paid at a non-exempt employee's regular rate of pay for the workweek in which the employee uses paid sick time or at a rate calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment. During the relevant time period, IOSM failed to pay Ms. Gallaher and other aggrieved employees with paid sick leave that complied with California Labor Code section 246, by, for example, failing to pay paid sick leave at non-exempt employee's regular rate of pay or at a rate calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

California Labor Code sections 226.7 and 512 require employers to pay an employee one additional hour of pay at the employee's regular rate for each workday that a meal or rest break is not provided. During the relevant time period, IOSM routinely required Ms. Gallaher and other aggrieved employees to work through, interrupt, cut short, and/or delay their meal and rest breaks to comply with IOSM's policies and expectations. IOSM failed to provide coverage to Ms. Gallaher and other aggrieved employees so they may be relieved of all work duties and take legally mandated meal and rest breaks. Lastly, IOSM also failed to authorize and permit Ms. Gallaher and other aggrieved employees to take the requisite number of meal and rest breaks, including second meal breaks and third rest breaks, when working shifts exceeding 10 hours in length. Despite these facts, IOSM failed to compensate Ms. Gallaher and other aggrieved employees all the premium wages they were owed, including failing to pay premium wages at Ms. Gallaher and other aggrieved employees' regular rate of pay.

California Labor Code section 551 states "[e]very person employed in any occupation of labor is entitled to one day's rest therefrom in seven." Section 552 further states "[n]o employer of labor shall cause his employees to work more than six days in seven." IOSM required aggrieved employees to work seven days in a row or more without one day's rest.

California Labor Code section 432.5 states "[n]o employer, or agent, manager, superintendent, or officer thereof, shall require any employee or applicant for employment to agree, in writing, to any term or condition which is known by such employer, or agent, manager, superintendent, or officer thereof to be prohibited by law." IOSM required aggrieved employees to execute arbitration agreements as a condition of employment despite knowing that such agreements are prohibited under Labor Code section 432.6.

/ / /

/ / /

California Labor Code section 201 requires that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. California Labor Code section 202 requires that if an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. California Labor Code section 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code sections 201  201.3, 201.5, 201.6, 201.8, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. During the relevant time period, IOSM failed to pay Ms. Gallaher and other aggrieved employees all wages, including for uncompensated off-the-clock work, unpaid overtime premiums and premium wages for failing to provide legally mandated meal and rest breaks, due to them within any time period specified by California Labor Code sections 201 and 203 and therefore is liable under California Labor Code section 203.

California Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.  California Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.  During the relevant time period, IOSM failed to pay Ms. Gallaher and other aggrieved employees all wages due to them, including for uncompensated off-the-clock work, unpaid overtime premiums and premium wages for failing to provide legally mandated meal and rest breaks within any time period specified by California Labor Code section 204.

/ / /

/ / /

/ / /

California Labor Code section 226 requires employers to make, keep and provide complete and accurate itemized wage statements to their employees. During the relevant time period, IOSM did not provide Ms. Gallaher and other aggrieved employees with complete and accurate itemized wage statements. The wage statements they received from IOSM were in violation of California Labor Code section 226(a). The violations include, but are not limited to, the failure to include (1) gross wages earned by Ms. Gallaher and other aggrieved employees, (2) total hours worked by Ms. Gallaher and other aggrieved employees, (3) the number of piece-rate units earned and any applicable piece rate by Ms. Gallaher and other aggrieved employees (4) all deductions for Ms. Gallaher and other aggrieved employees, (5) net wages earned by Ms. Gallaher and other aggrieved employees, (6) the inclusive dates of the period for which Ms. Gallaher and other aggrieved employees are paid, (7) the name of the aggrieved employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by Ms. Gallaher and other aggrieved employees.

California Labor Code section 558 allows recovery of penalties. (a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee. Ms. Gallaher and other aggrieved employees have been denied their wages and premium wages and, therefore, are entitled to penalties.

California Labor Code sections 1174(d) requires an employer to keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept with rules established for this purpose by the commission, but in any case, shall be kept on file for not less than two years. During the relevant time period, IOSM failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Ms. Gallaher and other aggrieved employees.

/ / /

/ / /

California Labor Code sections 1194, 1197 and 1197.1 provide the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful. During the relevant time period, IOSM did not provide Ms. Gallaher and other aggrieved employees with the minimum wages to which they were entitled despite constructive and actual knowledge of off-the-clock work, including pre- and post-shift, donning and doffing uniforms, travel time to/from jobsites, and during meal breaks.

California Labor Code sections 2800 and 2802 require an employer to reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer. During their employment, aggrieved employees incurred necessary business-related expenses and costs that were not fully reimbursed by IOSM, including for purchasing equipment they were required to wear while working, using their personal cellular phones to communicate with management, and using their personal vehicles for work related purposes.

We believe that Ms. Gallaher and other current and former California-based hourly-paid or non-exempt employees are entitled to penalties as allowed under California Labor Code section 2698, *et seq.* for violations of Labor Code sections 201, 202, 203, 204, 210, 218.5, 221, 226(a), 226.3, 226.7, 246, 432.5, 510, 512(a), 551, 552, 558, 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802, and the IWC Wage Orders.

California Labor Code section 2699.3 requires that a claimant send a certified letter to the employer in questions and the California Labor & Workforce Development Agency setting forth the claims, and the basis for the claims, thereby giving the California Labor & Workforce Development Agency an opportunity to investigate the claims and/or take any action it deems appropriate.

The purpose of this letter is to satisfy the requirement created by California Labor code section 2699 prior to seeking penalties allowed by law for the aforementioned statutory violations. We look forward to determining whether California Labor & Workforce Development Agency intends to take any action in reference to these claims. We kindly request that you respond to this notice according to the time frame contemplated by the California Labor Code.

Ms. Gallaher will seek these penalties on her own behalf and on behalf of other similarly situated California-based hourly-paid or non-exempt employees of IOSM within one year of the date of this letter, as allowed by law.

/ / /

/ / /

      If you have any questions or require additional information, please do not hesitate to contact us.  Thank you for your attention to this matter and the noble cause you advance each and every day.

      Very truly yours,

      **JUSTICE LAW CORPORATION**

      Douglas Han, Esq.

**CC: (By Certified U.S. Mail Only):**

James Eimers
c/o IOSM, Inc. d/b/a On-Site Health & Safety
3510 Unocal Place
Santa Rosa, California 95403
*Agent for Service of Process for* IOSM, Inc. d/b/a On-Site Health & Safety

Legal Department
c/o IOSM, Inc. d/b/a On-Site Health & Safety
520 Sixth Street
Rodeo, California 94572